IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  07-cv-01021-WYD-CBS

MARCIA KING,

     Plaintiff,

v.

TIMOTHY R. TORRES, in his individual and official capacity;
ANTHONY J. WILKERSON, in his individual and official capacity;
PATRICK G. WALKER, in his individual and official capacity;
NICOLE DRAKE, in her individual and official capacity; and
THE CITY AND COUNTY OF DENVER, a municipal corporation,

     Defendants.

---

**ORDER**

---

THIS MATTER is before the Court on Plaintiff's ' Motion for Attorney Fees and Costs (filed January 2, 2008).  Plaintiff' seeks fees and costs in the amount of $44,714.76 pursuant to 42 U.S.C. §§ 1988 and 1983 following an entry of judgment pursuant to FED. R. CIV. P. 68 against the individual Defendants other than Drake (who are Denver police officers) and the City and County of Denver ["Denver"].  In Plaintiff's Reply in Support of Plaintiff's Motion for Attorney Fees and Costs, she seeks an additional $11,887.50 in fees incurred in filing the reply.

Plaintiff's motion was filed as a result of her acceptance of an Offer of Judgment. In the Offer of Judgment, Denver and the individual officers [collectively "the Denver Defendants"] offered to allow judgment to be entered against them in the amount of $1,000.00 "exclusive of all recoverable costs and attorney's fees."  *See* Ex. 1 to Pl.'s

Acceptance of Offer of Judgment. The Offer of Judgment also states, "All recoverable costs and attorney's fees will be set by stipulation of the parties or by Order of the Court." *Id.* Pursuant to the Acceptance of the Offer of Judgment, a Judgment was awarded in favor of Plaintiff and against Denver and the individual officers on December 19, 2007. The parties have been unable to stipulate to an amount of fees and costs and ask the Court to determine an appropriate amount to be awarded.

Plaintiff contends that the attorney fees and costs she seeks are reasonable and attaches an affidavit of counsel Wilbur Smith, an affidavit of William Gray, an attorney expert who opines as to the reasonableness of the fees, and other documentation in support of the fees. Plaintiff's counsel's hourly rate is $250.00 and the hourly services performed are detailed in the Billing Statements attached to the motion and reply. The fee agreement in the case was a mixed hourly and contingent fee agreement. Plaintiff's motion seeks fees in the amount of $43,237.50 and costs of $1,262.26, for a total of $44,714.76. Additionally, in her reply, Plaintiff seeks fees in the amount of $11,788.00.

Defendants contend that the Offer of Judgment had no admission of liability and no injunctive relief. Thus, they argue that Plaintiff is not entitled to an award of fees because she cannot establish "prevailing party" status. Defendants also argue that awarding no fees is within the Court's sound discretion. Further, they contend that the number of hours claimed are excessive and that the fees are thus not reasonable as the case was settled in the relatively early stages, seven months after the Complaint was filed. Indeed, Defendants assert that no depositions were taken, no summary judgment motions were filed, and there were no contested motions prior to the filing of the motion

for attorney fees. Further, it is argued that the hours spent on claims against Defendant Nicole Drake are not recoverable against the Denver Defendants. Plaintiff's counsel's hourly rate of $250.00 is not, however, challenged by Defendants.

I reject Defendants' argument that I should decline to award attorney fees and costs. In doing so, I note that the court's decision whether to award attorney's fees in the first place, and the determination of the amount of fees to be awarded, are discretionary decisions. *See Robinson v. City of Edmond*, 160 F.3d 1275, 1280 (10th Cir. 1988).

The first issue to address is whether Plaintiff was a prevailing party. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A plaintiff is a prevailing party where she "succeed[s] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit." *Id.* I find that Plaintiff is a prevailing party as she received judgment in her favor and an award of damages of $1,000.00. *See Farrar v. Hobby*, 506 U.S. 103, 112 (1992) (a plaintiff who wins even nominal damages is a prevailing party). As *Farrar* noted, "[a] judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay." *Id.* I further find that the Offer of Judgment made clear that if the offer was accepted, judgment would be entered in favor of Plaintiff and against the Denver Defendants. Accordingly, I find that an award of fees is appropriate under 42 U.S.C. § 1988.[1]

---

[1] Section 1988 provides that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." *Id.*

I next consider the propriety of an award of fees, since "'the degree of the plaintiff's overall success goes to the reasonableness' of a fee award." *Farrar*, 506 U.S. at 114 (quotation omitted). Considering the appropriate factors as to the propriety of an award, *see Phelps v. Hamilton*, 120 F.3d 1126, 1132 (10th Cir. 1997), I first find that the amount of the judgment is small compared to the amount sought. However, Plaintiff did receive more than nominal damages, since she received a judgment in the amount of $1,000. Accordingly, I find that this factor does not weigh in favor of characterizing Plaintiffs' victory as merely technical or *de mininis*. *Id.*

I also find that the other factors to be considered support the propriety of an award of fees in this case. Specifically, I find that Plaintiff "succeeded on a significant issue in litigation which achieves some of the benefit sought in bringing suit." *Brandau v. Kansas,* 168 F.3d 1179, 1182 (10th Cir.), *cert. denied*, 526 U.S. 1133 (1999). She obtained a judgment against all of the police defendants in the case as well as the City of Denver. Plaintiff also obtained an enforceable judgment for money damages. No order or verdict was entered against her on any claim, and Defendants did not deny liability in their Offer of Judgment. Further, I find that the judgment and preceding litigation served a public purpose in vindicating Plaintiff's constitutional rights. Cases which support my holding that an award of fees is appropriate include *Barber v. T.D. Williams, Inc.*, 254 F.3d 1223, 1232-33 (10th Cir. 2001) (plaintiff was awarded attorney's fees after she sought substantial compensatory damages, punitive damages, and injunctive relief and obtained a verdict of $1); *Brandau*, 168 F.3d at 1181 (resolving the first element in favor of a plaintiff who sought $50,000 plus back pay but only obtained

$1); and *Sanchez v. Matta*, No. 03-0297 JB/LFG, 2005 WL 2313621, at *1, *10 (D. N.M July 29, 2005) (the first element was resolved in plaintiffs favor even though he sought over $200,000 at trial and obtained a verdict of $1). Further, the Offer of Judgment also clearly contemplated an award of fees and costs, which were to be determined by stipulation of the parties or by Order of the Court. Accordingly, I find that an award of attorney fees in this case is appropriate.

I now turn to the reasonableness of the attorney fees sought. The starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 433. "The burden is on the prevailing party to establish the amount of compensable costs and expenses to which they are entitled." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1208 (10th Cir. 1986).

In assessing an appropriate amount to be awarded in fees:

The court should focus on the significance of the overall relief obtained by the plaintiff. . . .If the plaintiff has obtained 'excellent results,' the attorney's fees should encompass all hours reasonably expended. . . . If a plaintiff has achieved 'only partial or limited success' . . . [t]he district court may identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.

*Ramos v. Lamm*, 713 F.2d 546, 556 (10th Cir. 1983). The court should also consider whether the documentation of the hours is appropriate. *Hensley*, 461 U.S. at 433. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* "The district court also should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Id.* at 434 (quotation omitted).

Finally, a number of other factors are should be considered by the court. *See Ramos*, 713 F.2d at 554.

Turning to the reasonableness of the fees, I find that while the hourly rate of counsel is reasonable, the number of hours claimed is excessive. This problem was compounded by block billing in many instances. First, as to the fees sought in Plaintiff's initial motion, I reduce the $17,500 claimed for legal research (70 hours) to a fee of $10,000.00 (40 hours). Second, I reduce the $1525.00 sought in fees related to reviewing the videotape of the incident (6.1 hours) to $500.00 (2 hours), as this videotape was only about 15 minutes long. Third, I reduce the fees sought in the amount of $2950.00 to analyze the Offer of Judgment (11.8 hours) to a total of $1500.00 (6 hours). Fourth, I reduce the amount of fees sought in the amount of $14,260.00 related to preparation of the motion for attorney fees (over 57 hours) to a total of $5,000.00 (20 hours). From the foregoing, the $43,237.50 in fees sought by Plaintiff are reduced by $19,235.00, totaling 24,002.50.

I also find that the $1450.00 claimed for preparing a Notice of Claim should be disallowed because the only claims against the Denver Defendants are civil rights claims for which no governmental notice under state law is required. Finally, I find that the $2767.50 for hours expended in connection with Nicole Drake's claims are not subject to an award as she was not a party to the Offer of Judgment. Thus, those fees are also disallowed. I do not make any reduction in costs. From the foregoing, the $24,002.50 in fees allowed above are reduced by an additional $4,217.50, totaling $19,785.00 in fees to be awarded.

I now turn to the additional fees sought by Plaintiff in her reply brief. As stated previously, Plaintiff seeks an additional $11,887.50 in connection with her reply brief. Specifically, Plaintiff seeks $9,487.50 in additional fees incurred in drafting the reply (37.95 hours) and $2,400.00 for time expended by William Gray. I first address the 9,487.50 sought for fees incurred in drafting the reply. I find that the hours expended in drafting the reply are excessive. I reduce the amount of fees sought from $9,487.50 to $5,000.00 (20 hours). Finally, I find that the $2400.00 in fees incurred by William Gray, Plaintiff's expert who has opined on the reasonableness of the fees, should be awarded in full.

Based upon the foregoing, Plaintiff's motion for fees and costs is granted in part and denied in part. Specifically, while Plaintiff is granted attorney fees, such fees are granted in a reduced amount. Of the $43,237.50 in fees sought by Plaintiff in the original motion, Plaintiff is awarded 19,785.00 in fees. Of the $11,887.50 sought in additional fees in the reply, Plaintiff is awarded $7,400.00. The total amount of fees awarded is $27,185.00. The costs sought by Plaintiff are awarded in their entirety.

In conclusion, it is

ORDERED that Plaintiff's Motion for Attorney Fees and Costs (filed January 2, 2008) is **GRANTED IN PART AND DENIED IN PART**. Specifically, the request for attorney fees and costs is granted, but not in the amount sought by Plaintiff. It is

FURTHER ORDERED that Plaintiff is awarded $27,185.00 in attorney fees and $1,262.26 in costs.

Dated: April 25, 2008

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge